**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 17th day of October, 2012.**



_____
Robert D. Berger
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

**In re:**

**ERIC THOMAS MASLAK and**            Case No. 11-20216-13
**BROOKE ANN MASLAK,**
           Debtors.

**MEMORANDUM OPINION AND ORDER**

On the 24th day of April, 2012, the Amended Application for Order to Show Cause filed by Debtors Eric Thomas Maslak and Brooke Ann Maslak came on for hearing. Upon agreement of the parties, this matter is submitted to the Court on the pleadings. Upon hearing statements of counsel and review of the file, the Court finds as follows:

Findings of Fact

1. On October 29, 2010, CitiMortgage filed a petition for foreclosure in the District Court of Johnson County, Kansas, Case No. 10 CV 9739, captioned *CitiMortgage, Inc. v. Eric T. Maslak, et al.* ("State Court Case"), with regard to Debtors' residence, real property in which the

12.10.17 Maslak Stay Violation Order.wpd

Debtors hold an ownership interest.

2.	On January 28, 2011, Debtors filed their Chapter 13 bankruptcy petition, listing CitiMortgage as a creditor in their Schedule D.

3.	On February 3, 2011, Debtors filed a Suggestion of Bankruptcy in the State Court Case.

4.	On April 1, 2011, CitiMortgage filed a Motion for Relief from the Automatic Stay in Debtors' bankruptcy case.

5.	On April 10, 2011, Debtors filed their Response to the Motion for Relief from the Automatic Stay.

6.	On April 15, 2011, CitiMortgage filed its Notice to withdraw its motion for relief from the automatic stay.

7.	The Order of Confirmation of Debtors' amended Chapter 13 plan was entered on May 25, 2011.

8.	On April 6, 2011, CitiMortgage filed its Memorandum to Clerk to Place Case on Active Docket in the State Court Case, along with its Motion for Summary Judgment of Foreclosure and Memorandum in Support. The state court clerk then put the State Court Case back on the state court's active docket.

## Analysis

Debtors' amended plan is unambiguous in that it only grants the mortgagee leave from the automatic stay to proceed *in rem* to foreclose upon its collateral:

**8. RELIEF FROM STAY REGARDING PROPERTY TO BE SURRENDERED**: On Plan confirmation, any creditor may repossess, foreclose upon, sell or obtain possession of the property the Plan proposes to surrender without obtaining stay relief. This provision does not prevent the earlier termination of the stay under operation of law or court order. Nothing contained in this section operates to modify any applicable co-Debtor stay or to abrogate Debtor's rights and remedies under non-bankruptcy law. The trustee shall not make distributions on account of any secured claim in this class.

| **PROPERTY TO BE SURRENDERED** | **CREDITOR WITH SECURED CLAIM** |
|---|---|
| 21009 W. 72rd Ter. Shawnee, KS 66218 | CitiMortgage |

Nevertheless, in the State Court Case, CitiMortgage sought an *in personam* judgment against the Debtors in violation of the automatic stay provisions of §362(a)(1). The mortgage note was in default prepetition and the State Court Case had been initiated. The State Court Case pertains to a note and mortgage upon which an action could have been, and in fact was, commenced prepetition against the Debtors personally. Any act to proceed *in personam*, absent specific relief from the bankruptcy automatic stay to proceed personally against the Debtors, violated the automatic stay. In the State Court Case, CitiMortgage filed Plaintiff's Motion for Summary Judgment of Foreclosure on April 6, 2012, wherein it requested, in part, the following relief:

> Plaintiff, CitiMortgage, Inc. ("CitiMortgage"), by and through counsel, and pursuant to K.S.A. §60-256 and Supreme Court Rule 141, seeks entry of summary judgment in its favor and against Defendants Eric T Maslak and Brooke A Maslak ("Borrowers") on CitiMortgage's underlying Petition for Mortgage Forelcosure. CitiMortgage seeks summary judgment in the form of an *in personam* judgment against Borrowers.[1]
>
> [1] Borrowers are currently in an active Ch. 13 Bankruptcy as Case No. 11-20216. Their Ch. 13 Plan surrendered this Property, allowing CitiMortgage to proceed with foreclosure. Should Borrowers complete their Ch. 13 Plan and receive a discharge, CitiMortgage will have and recover only an *in rem* judgment.

The request for *in personam* judgment is not rescued from violation of the automatic stay by the footnote. *In personam* judgment should not have been requested. In Kansas, a mortgagee may proceed *in rem* against the property to foreclose its lien and to eventually effect transfer of title from the mortgagors to the mortgagee. The act to seek *in personam* judgment, notwithstanding the ineffectual attempt in a footnote to rescue this request from a violation of the automatic stay, is a willful and knowing act by CitiMortgage against the Debtors in violation of the automatic

stay. Any and all pleadings filed in the State Court Case after the filing of this bankruptcy petition, to wit January 28, 2011, are void and of no effect. Generally, actions taken in violation of the automatic stay are void, although some courts have held in particular circumstances that such actions are only voidable and require an objection or act of the debtor to render them void. *See* 3 COLLIER ON BANKRUPTCY ¶ 362.12[1] at 362-140 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2012). Regardless, these Debtors acted quickly to inform CitiMortgage and counsel that they had filed a bankruptcy, starting with the filing of a Suggestion of Bankruptcy in the State Court Case on February 3, 2011.

Section 362(k) provides the following relief if acts are taken in violation of the automatic stay:

> (k)   (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section [362] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Conclusion

The Court finds and orders as follows:

1. That CitiMortgage knowingly and willfully violated the bankruptcy automatic stay;

2. That such violation is not so egregious as to justify the imposition of punitive damages; This Court is perplexed by the actions of CitiMortgage to pursue a qualified demand for *in personam* judgment; however, this Court finds, with considerable reservation, that such action may have been predicated on a misinterpretation of the law;

3. That any and all pleadings filed in *CitiMortgage v. Maslak, et al.*, Case No. 2010 CV 9739 in the District Court of Johnson County, Kansas, after January 28, 2011, are void and without legal effect; and

4. That a copy of this order shall be filed in the State Court Case.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that CitiMortgage pay any and all Debtors' attorney's fees, and costs associated with CitiMortgage's violation of the automatic stay, whether such were incurred in the State Court Case or in the proceedings before this Court. Counsel for the Debtors is directed to provide to the Court evidence of attorney's fees and costs and to serve a copy of same on counsel that represented CitiMortgage in these proceedings. CitiMortgage and counsel therefor shall have 30 days from the date of service of said statement of attorney's fees and costs within which to object to same. In order to allow Debtors' counsel to conclude this matter, he may claim two hours of additional billable attorney time. With regard to actual damages, the Court shall set such matter for special hearing upon expiration of 30 days from the date of this order, unless the Court has been notified that the parties have reached a settlement regarding same.

IT IS SO ORDERED.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

12.10.17 Maslak Stay Violation Order.wpd             - 5 -

Case 11-20216    Doc# 77    Filed 10/17/12    Page 5 of 5